IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FIA CARD SERVICES, N.A.
f/k/a MBNA AMERICA BANK, N.A.,

                                                    ORDER

               Plaintiff,

                                                    07-cv-704-bbc

    v.

MARK KLINZING,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a civil action for confirmation of an arbitration award brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. The parties' cross motions for summary judgment are now ripe for review, but neither party has adduced facts from which the court's subject matter jurisdiction may be established.

       This court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1237 (2006). Although this case is brought pursuant to the Federal Arbitration act, that act does not by itself provide subject matter jurisdiction for any dispute. Wisconsin v. Ho-Chunk Nation, 463 F.3d 655, 659 (7th Cir. 2006). Instead, "there must be diversity of citizenship or some other independent

1

basis for federal jurisdiction to address an arbitration dispute." Id. Although plaintiff contends that diversity jurisdiction exists, it has failed to adduce facts supported by evidence to establish complete diversity of citizenship and an amount in controversy of more than $75,000, as required by 28 U.S.C. § 1332.

Plaintiff proposed facts related to diversity of citizenship, citing its complaint to establish that: plaintiff is a Delaware corporation, defendant is a natural person residing in Wisconsin and the amount in controversy is more than $75,000. There are two problems with these facts.

First, for the purpose of establishing diversity jurisdiction, the court examines the *citizenship*, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). The citizenship of a business entity is determined by its organizational structure. A corporation is deemed a citizen both of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard,

2

P.C., 385 F.3d 737, 741 (7th Cir. 2004). Plaintiff fails to identify the state in which its principal place of business is located and fails to identify the state of citizenship of defendant.

Second, and more important, none of the facts proposed are supported by evidence. Although defendant does not dispute the basic facts proposed, complicity of the parties does not establish subject matter jurisdiction. Plaintiff, as the party seeking to invoke federal diversity jurisdiction in this case, must establish that the complete diversity and amount in controversy requirements are met. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). At summary judgment, that means putting forth *evidence* of the grounds for jurisdiction, such as a sworn affidavit. Fed. R. Civ. P. 56(e); Sparing v. Village of Olympia Fields, 266 F.3d 684, 692 (7th Cir. 2001). A party cannot simply point to unsworn allegations found in its complaint to establish a fact at summary judgment. Id.

Because it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present, I will give plaintiff until August 22, 2008 in which to propose supplemental facts supported by evidence for the limited purpose of establishing the amount in controversy and the diversity of citizenship between itself and defendant.

ORDER

IT IS ORDERED that plaintiff FIA Card Services, N.A. may have until August 29 in

3

which to provide this court with evidence of the amount in controversy and diversity of citizenship between itself and defendant. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 19th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4