IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FIA CARD SERVICES, N.A.
F/K/A MBNA AMERICA BANK, N.A.,

                                      OPINION and ORDER

              Plaintiff,

                                      07-cv-704-bbc

     v.

MARK KLINZING,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an action pursuant to 9 U.S.C. § 9 to confirm an arbitration award that was entered in plaintiff's favor in the amount of $82,655. Now before the court are the parties' cross motions for summary judgment. Defendant challenges the arbitration provision as invalid and challenges the arbitration proceedings, contending that proper procedure was not followed as required by Wisconsin law. Plaintiff contends that the arbitration award must be confirmed because defendant was required to challenge the award earlier pursuant to 9 U.S.C. § 10 or § 11 but failed to do so.

Because defendant's agreement with plaintiff included an arbitration clause that

1

required defendant to arbitrate the issues of arbitrability and validity of the agreement, defendant's only available court challenges to the award are those provided in 9 U.S.C. § 10 or § 11. Because he failed to timely move for relief under § 10 or § 11, the arbitration award must be confirmed. Plaintiff's motion for summary judgment will be granted and defendant's will be denied.

Before I turn to the facts, a word about procedure is in order. Both plaintiff and defendant have failed to support certain proposed findings of fact with evidence. For example, both plaintiff and defendant cite the complaint in numerous places as support for their proposed findings of fact. However, an unsworn pleading is not evidence. Both parties were advised that "[e]ach factual proposition must be followed by a reference to evidence supporting the proposed fact" and "each proposed finding must be supported by admissible evidence." <u>Procedure to Be Followed on Motions for Summary Judgment</u>, I.B.2., I.C.1, attached to Preliminary Pretrial Conference Order (March 10, 2008), dkt. #10. Moreover, both parties were advised that "[t]he court will not search the record for factual evidence . . . . if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion [for summary judgment]." <u>Helpful Tips for Filing a Summary Judgment Motion in Cases Assigned to Judge Barbara Crabb</u>, attached to Preliminary Pretrial Conference Order (March 10, 2008), dkt. #10. Only facts supported by evidence will be considered.

I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

### A. Parties

Plaintiff, FIA Card Services N.A., f/k/a MBNA America Bank, N.A., is incorporated as a National Bank under the National Banking Act. Its principal place of business is in Delaware.

Defendant Mark Kinzing is a resident of Wisconsin, registered to vote in the state of Wisconsin. He has confirmed his state of residency on his tax returns to be the state of Wisconsin.

### B. The Agreement

Upon request, plaintiff provided defendant with a credit card account as of June 4, 1990 and included a copy of the terms and conditions concerning the use of the credit card account with the issued card. The original agreement included an arbitration clause. The terms and conditions for the use of the account were amended in December 1999 to include a new arbitration agreement between the parties. In pertinent part the agreement stated:

> Arbitration: Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account

3

> (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), *including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration*.

(Emphasis added). The notice of the amendment was included in the regular monthly account statements provided to plaintiff's customers, including defendant, and each customer was provided the opportunity to opt out of the arbitration provisions. Every opt-out notification received by plaintiff was retained and properly filed with all other information relevant to the subject account. Plaintiff does not have any record that defendant registered any written objection to the arbitration amendment.

## C. Procedural History

Defendant made charges on the credit card account from the opening date until October 7, 2002, at which point he stopped making payments on the account, thereby defaulting on his repayment obligations. The account was closed and "charged off" on June 28, 2003 in the amount of $74,390.29. Defendant's account was then submitted to arbitration before the National Arbitration Forum. After a hearing, an arbitration award was entered in favor of plaintiff in the amount of $75,105.92 on December 4, 2003.

In early 2004, plaintiff attempted to collect on the award in the Circuit Court for Dane County, but the arbitration award was vacated upon defendant's motion; the judge

concluded that the process followed by plaintiff did not conform to notice requirements of the Wisconsin Consumer Act.

Plaintiff then filed a second arbitration claim with the National Arbitration Forum. Defendant filed a response to the arbitration claim, arguing that a right to cure had not been sent prior to commencing arbitration, that res judicata barred a re-arbitration of the claim, and that defendant never agreed to arbitration. The National Arbitration Forum scheduled a participatory hearing at plaintiff's request and provided notice to the parties. Defendant did not appear at the hearing. The arbitrator waited one-half hour and then proceeded with the hearing without defendant. The arbitrator determined that the issue was arbitrable and entered an award in favor of plaintiff in the amount of $82,665. The award was issued on June 11, 2007 and sent to defendant's counsel on June 12, 2007. Defendant never filed a motion to vacate the award nor challenged the award in any other way under the provisions of the Federal Arbitration Act.

Plaintiff filed the present action in this court to confirm the arbitration award pursuant to 9 U.S.C. § 9. Plaintiff has filed the agreement to arbitrate (Exh. A, Plt.'s Aff., dkt. #14-2), the arbitrator's award in the amount of $82,665 (Exh. B, Cpt. dkt. #1-3), and each notice, affidavit or other paper used in the application to confirm the award (Exhs. A&B Cpt., dkt. #1-3; Exhs. A&B Plt.'s Aff. dkt. #14-2, 14-3; Supp. Aff., dkt. #30; Exhs. A-D Jill Brown Aff., dkts. ##15-2, 15-3, 15-4, 15-5).

5

OPINION

A. Summary Judgment

The standards for summary judgment are well known. Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Weicherding v. Riegel, 160 F.3d 1139, 1142 (7th Cir. 1998). If the non-movant fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering a motion for summary judgment, the court must examine the facts in the light most favorable to the non-moving party. Sample v. Aldi, Inc., 61 F.3d 544, 546 (7th Cir. 1995).

B. Subject Matter Jurisdiction

This court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1237 (2006). Although this case is brought pursuant to the Federal Arbitration act, that act does not by itself provide subject matter jurisdiction for any dispute. Wisconsin v. Ho-Chunk Nation, 463 F.3d 655, 659 (7th Cir. 2006). Instead, "there must be diversity of citizenship or some other independent basis for federal jurisdiction to address an arbitration dispute." Id.

6

Under 28 U.S.C. § 1332, the court has diversity jurisdiction over parties "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." The amount of controversy is the arbitration award $82,665 that plaintiff is attempting to confirm. As for citizenship, the issue is slightly more complicated.

An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. In this case, the facts are barely sufficient to allow me to infer that defendant, an individual, is domiciled in Wisconsin. He has registered to vote in Wisconsin and filed taxes here and there is no evidence of a connection between defendant and any other state. Thus, I conclude that defendant is a citizen of Wisconsin.

Plaintiff is a national banking association. Such associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Although there is currently a circuit split regarding where a national banking association is "located," the Court of Appeals for the Seventh Circuit has held that a national bank is "located" in both the state of its principal place of business and the state listed in its organization certificate. Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001). Plaintiff has submitted evidence

7

that it has its principal place of business in Delaware, but fails to mention what state is listed in its organization certificate. Although plaintiff should have known better, in light of the Seventh Circuit precedent and the recent order requiring it to provide proof of diversity jurisdiction, dkt. #37, I find the error to be harmless because that information is publicly available online at the Securities and Exchange Commission website, which shows that Delaware is the state listed in plaintiff's organization certificate. Therefore, plaintiff is "located" in Delaware and a "citizen" of that state for the purpose of diversity jurisdiction. I conclude that plaintiff has shown that subject matter is present under § 1332.

### C. Application to Confirm the Award

Defendant challenges confirmation of the arbitration award, contending that Wisconsin common law and the Wisconsin Consumer Act should protect him from the Federal Arbitration Act. I am not persuaded.

Under 9 U.S.C. § 9, application to enter judgment on an award may be made to the United States court in and for the district within which such award was made. The "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." Notice of a motion to vacate, modify or correct an award must "be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The Federal Arbitration Act could not be clearer on this

point: if the adverse party does not bring a timely challenge to the award, then upon a motion of the party seeking to confirm the award, the district court must enter judgment on the award. As the court of appeals has explained, the court may not perform appellate review of the arbitrator's decision. Gingiss International v. Bormet, 58 F.3d 328, 333 (7th Cir. 1995) (citations omitted). "Factual or legal errors by arbitrators—even clear or gross errors do not authorize courts to annul awards." Id.

Although defendant never attempted to challenge the award under §§ 10 and 11, he challenges the validity of the arbitration agreement itself. As a general rule, defendant is correct that a court will have the last say whether a contract creates a valid duty to arbitrate and therefore, as a general rule, a defendant challenging arbitrability can raise the issue even when the award is before the court for confirmation. S+L+H S.p.A. v. Miller-St. Nazianz, Inc., 988 F.2d 1518, 1523 (7th Cir. 1993); see also, MCI Telecommunications Corp. v. Exalon Industries, Inc., 138 F.3d 426, 430 (1st Cir. 1998) (It is unnecessary to bring collateral challenge to raise issue of arbitrability because provisions of Federal Arbitration Act do not come into play unless there is written agreement to arbitrate). However, this rule does not apply where the parties have "clearly and unmistakably" provided that the arbitrator is to determine the issue of arbitrability. Id.; see also Carbajal v. H&R Block Tax Services, 372 F.3d 903, 905 (7th Cir. 2004) ("people may agree to arbitrate whether a given dispute is arbitrable"; when they do, the court's determination of arbitrability is "pointless").

9

The agreement at issue in this case included a clause that made arbitrable "Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement." Therefore, plaintiff is stuck with the arbitrator's decision. He should have been raised before the arbitrator his arguments related to the arbitrability or validity of the arbitration clause, including the applicability of Wisconsin Consumer Act and common law, or, to the extent applicable, in a timely motion brought pursuant to 9 U.S.C. § 10 or § 11. It is too late now.

Under 9 U.S.C. § 9, the arbitration award must be confirmed. Plaintiff's motion for summary judgment confirming the arbitration award will be granted and defendant's motion will be denied.

ORDER

IT IS SO ORDERED that

1. Defendant Mark Klinzing's motion for summary judgment (dkt. #16) is DENIED.

2. Plaintiff FIA Card Services, N.A.'s motion for summary judgment (dkt. #11) is GRANTED.

3. The clerk of court is directed to enter judgment confirming the arbitration award

and close this case.

Entered this 29th day of August, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

11